# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,
ON AUGUST 5, 2015**                                    MDL No. 2824

## TRANSFER ORDER

**Before the Panel:**[*]  Defendant Environmental Restoration, LLC, moves to centralize four actions in the District of New Mexico.  The actions are pending in the District of New Mexico (*State of New Mexico*, *Navajo Nation*, and *McDaniel*) and the District of Utah (*State of Utah*), as listed on the attached Schedule A.

All responding defendants support centralization in the District of New Mexico.[1] Responding plaintiffs' positions on centralization vary.  The *State of New Mexico* and *Navajo Nation* plaintiffs oppose centralization.  The *McDaniel* plaintiffs support centralization.  And the *State of Utah* plaintiff argues that the Panel should defer a decision on centralization for at least six months to facilitate settlement discussions between the state and the federal defendants.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of New Mexico will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The actions share factual questions arising from the August 2015 release of approximately three million gallons of acidic, mine-impacted waters from the Gold King Mine, a shuttered mine located in southwestern Colorado near the town of Silverton.  Water bodies in at least three states were allegedly affected by the release.  Centralization will avoid duplicative, complex discovery[2] and other pretrial proceedings, and eliminate the potential for inconsistent rulings on sovereign immunity, government-contractor immunity, and other issues.

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Responding defendants are the United States of America, the United States Environmental Protection Agency, Gold King Mine Corporation, Kinross Gold Corporation, Kinross Gold U.S.A., Inc., Sunnyside Gold Corporation, Harrison Western Construction Corporation, and Weston Solutions, Inc.

[2] Discovery may well encompass such matters as the conduct and scope of the EPA's activities at the mine prior to the release, the hydrology of the area where the mine is located, the chemical characteristics of the released water, and the impact, both short and long term, of the release.

-2-

In opposition to centralization, plaintiffs in *State of New Mexico* and *Navajo Nation* argue that because there are only four related actions at present, informal coordination and cooperation are preferable to the creation of an MDL. Given the apparent complexity of the factual issues, as well as the potential for significant tag-along activity, we reject this argument. In particular, we note that according to the federal defendants, there are almost 400 related administrative tort claims pending before the EPA, which could be filed as lawsuits in the near future.

We also reject the *State of Utah* plaintiff's request that we defer a decision on Environmental Restoration's Section 1407 motion. We see no reason why centralization should negatively affect the prospect of a settlement between or among any parties to this litigation. Indeed, by bringing all involved parties before one court, centralization should facilitate any settlement negotiations that may take place.

We select the District of New Mexico as the transferee district. Three of the four actions are pending in that district, and its selection is supported by all responding defendants, as well as the *McDaniel* plaintiffs. Chief Judge William P. Johnson, to whom we assign the litigation, is an experienced jurist who already is presiding over the actions in the District of New Mexico. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the District of New Mexico is transferred to the District of New Mexico, and, with the consent of that court, assigned to the Honorable William P. Johnson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

**IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,
ON AUGUST 5, 2015**                                    MDL No. 2824

## SCHEDULE A

District of New Mexico

STATE OF NEW MEXICO v. UNITED STATES ENVIRONMENTAL
    PROTECTION AGENCY, C.A. No. 1:16-00465

NAVAJO NATION v. UNITED STATES OF AMERICA, ET AL.,
    C.A. No. 1:16-00931

MCDANIEL, ET AL. v. UNITED STATES OF AMERICA, ET AL.,
    C.A. No. 1:17-00710

District of Utah

STATE OF UTAH v. ENVIRONMENTAL RESTORATION, ET AL.,
    C.A. No. 2:17-00866